UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BILSEN VILLAGRAN; aka VILLAGRAN, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-00466 |
| | § | |
| JPMORGAN CHASE BANK N.A., *et al*, | § § | |
| Defendant. | § § | |

## **ORDER**

Before the Court is "Defendants' Motion for Summary Judgment" (D.E. 4). Pursuant to Local Rule 7.3, opposed motions will be submitted to the judge 21 days from filing. The Motion was filed on February 9, 2015, and its submission date was March 2, 2015. Plaintiffs have not filed a response to the Motion. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition to the relief sought.

These Plaintiffs previously filed a declaratory judgment action against this Defendant raising the same or similar claims in Civil Action No. 13-cv-309. After five months on the docket, that action was concluded by a stipulation of voluntary dismissal. The Court finds that Plaintiffs' default in this action demonstrates a continuing and intentional failure to prosecute their claims subject to the Motion.

The Court, after reviewing the Motion and supporting evidence, finds that the home equity loan that is the subject of this action was originated on October 12, 2004. If there was a constitutional defect in the qualification of the loan as a home equity loan, it would have been apparent to Plaintiffs on that date. The Fifth Circuit has issued

precedent, controlling in this Court, that the statute of limitations applicable to a complaint regarding the constitutional sufficiency of a home equity loan in Texas is four years from the date of the loan. *Priester v. JPMorgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013). Pursuant to *Priester*, this action, filed more than four years from the loan's origination, is barred by limitations.

The Court further finds that, in connection with obtaining the home equity loan, Plaintiffs executed affidavits attesting to the fair market value of the home, that the loan did not exceed 80% of the fair market value of the home at the time of the loan, and that the loan sought was the only home equity loan on the property. These affidavits establish facts that directly contradict and defeat Plaintiffs' claims in this case. Defendant is entitled to summary judgment on the merits of Plaintiffs' claims that the loans did not comply with the requirements for a home equity loan under the Texas Constitution.

Defendant has shown itself entitled to attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001 in that it has prevailed in an action on a contract that includes a provision for reasonable attorney's fees. The Court finds that Defendant has demonstrated its entitlement to attorney's fees under the criteria ordinarily used by the courts and that the reasonable and necessary amount of attorney's fees is $2,750.00 for representation through entry of judgment, an additional $7,275.00 in the event that this matter is unsuccessfully appealed to the Fifth Circuit, and an additional $10,275.00 in the event that this matter is unsuccessfully appealed to the Supreme Court of the United States. *See* D.E. 4-6.

Defendant also seeks judgment on its counterclaim for foreclosure pursuant to Tex. R. Civ. P. 735. According to Tex. R. Civ. P. 736.1(a), any application for such foreclosure pursuant to Rule 735 must be filed in the county where the property is located or in a probate court with jurisdiction over proceedings involving the property. Defendant did not plead any jurisdictional basis for bringing this counterclaim and this Court is not satisfied that it has jurisdiction to issue an order under Rule 735.

For these reasons, the Court GRANTS IN PART the motion for summary judgment (D.E. 4) and ORDERS that Plaintiffs' claims against Defendant are dismissed with prejudice as time-barred and on their merits. Plaintiffs are ORDERED to pay to Defendant attorney's fees in the amount of $2,750.00 for representation through entry of judgment, an additional $7,275.00 in the event that this matter is unsuccessfully appealed to the Fifth Circuit, and an additional $10,275.00 in the event that this matter is unsuccessfully appealed to the Supreme Court of the United States. The Court DENIES IN PART the motion with respect to Defendant's counterclaim for judgment of foreclosure. The Court ORDERS Defendant to file with this Court a statement of jurisdiction to support its counterclaim for a judgment of foreclosure on or before the expiration of ten (10) days from the date of this Order or the counterclaim will be dismissed without prejudice for want of prosecution without further order of the Court.

ORDERED this 13th day of March, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE